People v Soniel V. (2025 NY Slip Op 51890(U))

[*1]

People v Soniel V.

2025 NY Slip Op 51890(U)

Decided on December 2, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2025
Youth Part, Erie County

The People of the State of New York

against
Soniel V., AO.

Docket No. FYC-73696-25/001

Nicholas Marino, Esq. (Assistant District Attorney)
Elias Farah, Esq. (for Principal S.V.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Nicholas Marino, Esq. (Assistant District Attorney), dated November 3, 2025; no responsive papers having been filed on behalf of Adolescent Offender Soniel V. ("AO S.V."); the ADA having reserved the right to a hearing on the facts alleged in support of the People's Motion; and due deliberation having been had, the Court finds the following:
Procedural History
AO S.V. is charged under FYC-73696-25/001 with one count of Grand Larceny in the Third Degree, a class D felony contrary to Penal Law § 155.35(1). On October 16, 2025, this Court arraigned AO S.V. and set nominal bail. AO S.V. was already detained on a Family Court matter. [*2]On October 21, 2025, the People conceded the six-day reading under CPL § 722.23(2)(a) and indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. This Court issued a Scheduling Order. The People's Motion was due November 15, 2025, AO S.V.'s responsive papers were due on November 24, 2025, and a decision on motion was scheduled on December 2, 2025.

Findings of Fact

It is alleged that sometime between September 26, 2025 at 10:30 PM and September 27, 2025 at 5:00 AM, AO S.V. stole a 2025 Honda Pilot from the victim's driveway. The victim did not give anyone except his wife permission to operate or take the vehicle. With an accomplice in the passenger seat, AO S.V. drove the stolen vehicle from Erie County to Cattaraugus County, where he engaged in numerous thefts, including stealing items from a Jeep Rubicon, a wallet from a Ram 1500 pickup truck, cash and lottery tickets from a Ford Transit 250, keys from a Chrysler Crossfire, cash from a Buick Encore, and cash from a GMC Sierra.
On September 27, 2025, at 4:55 AM, a Cattaraugus County Sheriff saw the stolen Honda Pilot in the road and observed a male later identified as AO S.V. dressed in all black, with only his nose and eyes showing, running to the vehicle, carrying items clutched near his chest. AO S.V. jumped into the driver's seat of the Honda Pilot and fled at speeds reaching 113 miles per hour, refusing to stop for deputies who activated their emergency lights and sirens. After hitting stop sticks deployed by police, AO S.V. began swerving between lanes until the front tires of the stolen vehicle deflated and fell off. AO S.V. and his accomplice then fled the stolen vehicle. AO S.V. ran into thick brush and refused to surrender until he was located by the Cattaraugus County K9 and her handler. During the arrest, AO S.V. was wearing all black clothing and a black facemask.
AO S.V. was found with the following items in the stolen Honda Pilot: a 350 Legend bolt action rifle with a Konus scope; a gold butterfly knife; a blue butterfly knife with no blade; miscellaneous cannabis products; sums of cash in the amounts of $172 US currency, $584 US currency, and $6.32 Canadian currency; a large amount of change in storage containers; a Kwikset Key and Strength medallion; five lighters; a railhead flashlight; a black and gray Adidas bag; a black iPhone and case; a wallet with a Visa card and four bus and rail cards; a Honda key fob; an ashtray belonging to a Nissan vehicle; and a black face covering.

Conclusions of Law

The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). Following arraignment, the Youth Part shall order the removal of an Adolescent Offender matter to Family Court unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. CPL § 722.23(1)(a), (d).
The term "extraordinary circumstances" is not defined in the Raise the Age Law. People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept., 2025). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors." NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra. The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court.'" See, [*3]People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021).
The People argue that this matter should not be transferred to Family Court because AO S.V.'s actions here were cruel and heinous, and AO S.V. has demonstrated throughout this proceeding that he would not be amenable to the heightened services provided in Family Court. The People allege that after stealing a vehicle in Erie County, AO S.V. drove to Cattaraugus County, where he stole numerous items from several vehicles, fled from police at 113 miles per hour, and led police on a foot chase. The People also argue that AO S.V. would not benefit from or be amenable to the heightened services of Family Court. They argue that he committed a series of crimes while on pre-dispositional supervision on Family Court matters and has inconsistently attended court appearances. At one point, a Family Court warrant was issued for him after he failed to appear.
After considering the People's Motion and accounting for all the circumstances of this case and this young person, this Court finds that extraordinary circumstances exist to prevent removal of this case. AO S.V. committed a series of crimes in two jurisdictions in less than 24 hours. He stole a vehicle, drove that stolen vehicle to another county, and used the stolen vehicle to steal a plethora of items from numerous cars. The following items were found in the stolen vehicle: a bolt action rifle with a Konus scope, two butterfly knives, sums of cash, and cannabis products, among other personal property. The People do not allege that AO S.V. was the ringleader of criminal activity, but he was the driver of the stolen vehicle.
This Court finds the AO S.V. is not amenable to or would not benefit in any way from the heightened services in Family Court. AO S.V. already had the benefit of this Court's leniency. Two of his prior cases brought in Youth Part were removed to Family Court on April 1, 2025, on consent of the People. AO S.V. so inconsistently appeared for his Family Court appearances that Family Court issued a warrant for him. Then, he failed to attend court for one month after the warrant was issued. This Court does not have the benefit of reviewing AO S.V.'s participation in Voluntary Case Planning Services in this case, as he was remanded by Family Court for the duration of this proceeding. AO S.V. did not provide this Court with mitigating circumstances to consider.
After examining all the circumstances of this case and this youth, this Court finds that extraordinary circumstances exist to prevent the transfer of this action to Family Court. The People met their burden. This case shall remain in Youth Part. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN